Good morning. May it please the court, Zachary Nightingale, along with my co-counsel Jenna Byer and Kelsey Morales, for petitioner Mr. James Chen. I would like to reserve five minutes for him. At this point, under the present law, it's crystal clear that the two reasons that the agency both offered and vowed for Mr. Chen's invisibility are equally important. The agency's decision cannot stand. Mr. Nightingale, as I read in the BIA, it seems simply to have sounded that he was applying for an admission to the mental health services status without giving us any grounds for that, and then proceeded to determine whether or not he was in fact a missing person. You're right. There's nothing in the BIA opinion to which they say, Here is the ground I want to be included in the status of someone seeking admission. I'm not sure if that is accurate, Your Honor. But he had raised that repeatedly, both to the human rights judge and then to the BIA, that under 101-813, he was not, under our opinion, not an elder seeking admission. So, the decision by the board not to address that directly, right, has to be seen in the context that they couldn't possibly have missed it because it was placed everywhere, and it was one of the key points in front of the judge, in fact. But doesn't that support the efforts that it was addressed indirectly? It was addressed indirectly. Yes, and do you have a problem with that, with it being addressed indirectly? Well, the problem I have is that he is not under any of the categories of 101-813. So, our position is that the board implicitly found that either because he became a status by thought, or improperly, excuse me, or because of the CIMT, that would have been one of the possible justifications for the 101-813. So, just to understand your position, just some procedure to understand where you are, you don't necessarily object to the fact that the BIA implicitly made the ruling. Your objection is to the grounds upon which that ruling could have been based. That's accurate, that's correct. Well, yes, in this, as I read the various criteria that would allow a finding that he is in the status of thought seeking admission, rather than the status of someone who is fighting a removal order. One of the grounds for finding that someone is in the position of seeking admission is that that person left the United States while under a legal process seeking removal, and so sees some IV-4, for example. I assume that if we were to remail, the government would advance that as an argument for why he should be in that status. Do you have any dissents to that? I suppose, to be honest, that's exactly what he did. Absolutely, that's what happened. For me, the defense would be, I don't think it's appropriate or fair for the government to charge that. I will point out, the government charged him, but why wouldn't it be fair for the government to charge him if it actually occurred? Because they had plenty of opportunity to do so. They amended the NDA five times. The final amendment, which is the one that we're operating on, specifically says at 1.156, in lieu of these charges, or in lieu of prior charges, and the most recent entry dates of the government, was clearly unnoticed what was going on. They could have brought that charge at any time, but they didn't. They even amended it several times, and they never chose that particular fact, which is not in dispute, as a legal basis. They chose other legal basis, and to give them a second bite of the apple now, that makes clear that Mr. J's arguments from day one, what you've charged me with is completely wrong, has been vindicated on the merits. It's not fair to give the government another chance to amend what they could have done before with morale you have for saying that the government should be precluded from raising that ground either now or on remand. I understand that now we'd have to go through the sort of the futility of remand, but assuming that we remand the BIA saying you can't do it on this ground because you haven't established anything to prove him in the status of seeking remand, is there any rule that would push cases from this court? I'm aware of Ramones pulled it up, Bravo, Pedroza, and Alamut Marib, and I apologize that the Alamut Marib isn't a 28-J that I filed last night when I realized it was not in the record, but I just didn't want to worry about that after, where that basically is what happened. The court said the government had plenty of opportunity. These were known facts to the government, and the alternative basis, which is the fallback from the government, which they should charge cannot be brought up as the second bite of the apple when it was information known to the government clearly at the time, and they could have charged it. And there's another other case they also included, Gomez-Ponce, where the jail cells that follow the Alamut Marib basically say this has to be terminated, not just remanded for a second bite. That's what we're asking for here as well. Now, the government can admit him and then charge him with deportation. Yeah, that's what you want, because that will then be the various defenses that are not available to him if he's in the state of seeking depression. Exactly right. Not only do we want that, we think he has the only thing that is justified at this point, because the government had every opportunity at the time to hit the ground they wanted to charge. They remanded the MTA five times. The final charge they went with was legally wrong, and it wasn't until we're in front of this court that the government comes up with an alternative basis. And we don't think it's fair under those circumstances to give the government that second bite when he should have been admitted all along. And I would point out that, okay, so he was charged, he's an Iranian alien, right? And then he trounces. So he's not on notice at that point, and it's going to change the economy. Okay, but he's not on notice through his own counsel, or told him not to do it. Well, my point is that if there's a right charge, he's invisible. And he's told, if you travel, you'll be charged, he's invisible. He doesn't have a reason to think he's going to change anything. He's a lawful permanent resident and has the right to travel. So if he's charged with being invisible, travel, he doesn't change his status. He's a pretty special form of LPR. And under Pena, the court has said, he can't be kept out of that. He probably needs to be courted for it, not charged with invisibility, but that's what I'm doing. Unless he leaves the country while deportation procedures are ongoing. True, because the government chooses to use that ground, and they never intend to. So we think he was treated unfairly by the government, given that, from the first moment, he argued, I'm not an Iranian alien. They sent me to Juana on May 13th. He did that before he had a trial, as we thought last time. That was the reason, even before. And the government never, you know, chose to amend in a way that would use the fact that he traveled. So we just think, under all those circumstances, it's unfair to give them the second bite. That would mean that he would cause real criticism. And before I finish, though, I would like to point out that he wants to say something about looking down. I understand the position, and it may be that our case law points in the direction that you're suggesting that the government has had its chance to do it, and so on. I feel this petitioner is someone of this country for reasons of economic necessity. He committed the country. They did the best they can. This is a wealthy man who comes here, lies, games with the system, leaves the country, against the advice of counsel, and now wants special treatment based upon the government. I mean, this is not a race-specific case where you're playing. Your Honor, I would view it this way. Congress created the G37A1H waiver for a reason. It's humanitarian. He has two U.S. citizen children. He's lived here for many years, and the purpose of that waiver, which is ultimately what he would seek, is to try to keep the record of those marriages within our limit. He was detained the entire time that the case was going on. He's in China now because it's been about how old are these children? I apologize. It's not in my brain, but I want to say teenage years. But I would add, Your Honor, that the purpose of the G37A1H is exactly to take all those factors into consideration. What we're talking about here are the official requirements. The discretionary aspect was never reached because he never had a chance to present that waiver, whether he ultimately recruited that waiver. My point is he deserves the opportunity. I would add one more thing, which is he traveled during proceedings that were improperly started. He was not supposed to be subject to the grounds. It doesn't matter if the proceedings were improperly started, if the proceedings were taking place in his childhood. What does that even matter? It matters if the government's credit loops around and states that there are original mistakes. He was not supposed to be charged in that way. And then he travels, which lawful current residents are allowed to do. And then the government says, ah-ha, we can fix our own mistakes, even though we weren't supposed to be charged in that way in the first place. So that loops around. The existence of the fact that he received this work illegally brought nullifies the condition. I'm not aware of this particular pattern. Before I search, I did not find this particular pattern coming up anywhere. But my call to that loops around me and I think it's inherently unfair. So it goes back to the central vitamin apple line of cases I mentioned earlier. If I can reserve the rest of my time, I would. Good morning, Your Honors. May it please the Court, Eric Marsh Miller, the Attorney General. Good morning, Justice Ginsburg. As you're aware, there's a threshold issue here, which is whether Mr. Jim is properly classified as an unarriving alien. And there are two additional secondary issues that we only get to if we can pass the threshold issue, which has to do with two grounds of inadmissibility. Counsel, Justice Ginsburg, what was the basis for the notice of convicted of a crime involving oral turpitude? That document is not the charging document we're working with now because it was amended multiple times. What's the most recent iteration of the charging document? The most recent iteration is from May 24th, 2012. Where is that in the record? It is on page 11, 155 to 1156. And that document, it was based on all the prior documents, and it alleged that Mr. Jim was an arriving alien. And something important to note is about the classification, that's usually at the top of the charging document, whether you're an arriving alien. There's no requirement that there be specific allegations as to why it's alleged that you're an arriving alien. The allegations relate to the actual grounds of inadmissibility that follow. So in this case, the May 24th, 2012 was Mr. Jim's final attempted entry into the United States where he was placed into detention. So it was after he had departed the country at least four times while in proceedings. The immigration judge, it bears the burden of establishing that one of the grounds under 1101-813-Z apply. In this case, the immigration judge sustained the charged ground involving moral turpitude. So there was no reason to address any of the other grounds under 813-Z. The government argued that he left the country while in process, so that's the best basis. I don't think that was specifically argued, Your Honor. No, but you see, he didn't reach into it. The government didn't argue it either. That's correct. They sort of pushed too hard and didn't reach into it. In fact, the government didn't even argue it. That's correct, Your Honor. But I guess my point is that the charging document does not need to address why the arriving alien classification was made. The Board, in its decision, specifically had found the other two grounds of inadmissibility had been sustained, but specifically said it did not reach the ground involving moral turpitude charge. And that appears to have been an oversight by the Board. Our position is that typically, in a case like this, agreement would be necessary so the Board can assess whether the classification of the arriving alien was correct. In this case, we think agreement would be necessary. But the policy counsel has, I thought, conceded that implicitly there was a finding that it was an issue with the land address that involved finding. Yeah, he did say that. I'm not exactly sure. I don't want to speak for his view on that. It's possible that the Board implicitly found that 813c sub 4 applied, but there's nothing in the record indicating that. So our position is that the Board would need to find DHS found that met one of the 813c grounds by clear convincing evidence. Oh, are you saying that the government is asking for a remand? No, Your Honor. But our point is typically, in a case like this, it would need to be remanded here. We think remand would be futile because it is clear that Mr. Chen left the country while in proceedings. So if the case was remanded to the Board, the Board would look at the facts of the case, see that he left the country four times while in proceedings, look at 101-813c sub 4, and say he left the country. We think the language of that is plain, and it's clear convincing evidence that the classification as an arriving alien was correct. So what do you make of the argument for Mr. Mike McHale that says that you guys have messed this up so many times, with so many opportunities to go right? Our case law says you're finding these truth plots that are flawed. What do you have to do? How do you respond to that? We disagree. How do you respond to that? They'll kill themselves. I don't know why you guys are- Well, Your Honor, when David Lara, which is one of the cases cited, there was an earlier 20-J letter on that case. The court said that it was a rare case. Typically, a remand would be warranted, but it doesn't have to be a rare case where it would terminate. And it did so based on the fact that there wasn't a charge around 11-377, which was not addressed by the Board. The court's analysis for rejecting another charge, I think it was, I don't have it on here, but there was a basis for rejecting one of the other charges that the Board had found. And the reason for rejecting that would have also been sufficient to reject the 11-377 charge. So we found remand unwarranted because there was nothing that the government could do to really correct it. As for Al-Matar, which was the 20-J file this morning, I just had a chance to briefly look at that. In that case, DHS wanted to remand so that it could issue a new charge of removability. And the court found it could not do that because it could have raised the charge below. Here, we're not asking for a new charge to be presented on remand. We're simply saying the Board should have a chance to look at whether the 813C grounds imply that he was properly classified as a private alien. Classifying as a private alien is different from a charge of removability. I'm not sure that's the distinction or the difference. As I read that case, it says you had your chance and you blew it. We're not going to give you another one. Well, the ordinary remand rule would put kind of ban issues every oversight by the Board, required termination of proceedings instead of remand. But it's pretty clear. Of course, if you're saying you don't need remand, he doesn't even get a remand. You're saying that at least you should say it right now based on what they're telling you. That's correct, Your Honor. If the case was remanded, we think it would just come right back and all the other invisibility issues would be presented just as they are today. And then we don't think it's necessary to remand because it's so clear that he left the country during proceedings and that one of the 813C grounds applies. Are you representing those cities with words for remand? The government would assert it as a ground for putting him in a state detention or arriving in an alien subsection form. I can't say. I'm 100% sure, but I see no reason why they would not assert that on remand. So, Counsel, you're not relying on the corresponding that he's invisible based on a fraud? We are, but my reading of 101813C is that subsection 5, I think, only applies if the alien committed acts coverable under, we get this right, under 1182A2, which the fraud charge is under 1182A6. So I think the fraud charge is insufficient for 101813C to apply. We think if he's properly classified as an alien, then the evidence supports the inadmissibility ground based on the fraud. Counsel, Judge Bergey and the 28J case that came last night, since Res Judicata bars the service from, quote, initiating a second deportation case on the basis of a charge that, in the jury analysis, could have been brought in the first place but did not, your claim, as I understand your argument, is we did bring the right charge. That's correct, Your Honor. So this isn't, when you go back on remand, it's not a new charge, because it's not could have been brought, it was brought, right? There's no reason for any additional charging document to be issued. We can rely on the same charging document to classify Mr. Chen as a surviving alien, and the board can just look and determine another ground for making that determination applies, and here the evidence is strong and very convincing that 813C subform would apply. Right, and your brief says that to remand would be, I hope, in useless formality. That's correct, Your Honor. Does the evidence have any explanation as to why it got it wrong the first time around? I mean, it's all complex, but the government doesn't solve the problem. That should be sufficiently familiar with this and look at it right. Yes, Your Honor, it should have. This was a, I mean, this is a very complicated, factual case, and it appears that the board either was under the impression that there was a basis for deeming the alien a private alien and didn't address it, or it just simply overlooked the issue and it just focused on Well, you may not be in a position to answer this question, but my question was not really as to what the board did or did not do, but rather what the government did or did not do. This is the government's advocate. Will the government below the Department of Homeland Security before the immigration judge charge Mr. Chairman having been convicted of a crime involving moral turpitude, which would have been sufficient when it's known to establish the applicability of one of the 813C grounds, so there would have been no reason to argue on an alternative ground, or at least it was not unreasonable to just rely on that ground for saying that 813C applied. In light of the crime of moral turpitude, the ground goes south. In light of case law, it's not clear that that ground is sustainable. The conviction, Mr. Chairman was convicted of, this is for fraud on a naturalization application. There's no materiality requirement on that. And the crime of moral turpitude generally has a materiality requirement for fraud. There's some uncertainty as to whether the crime of moral turpitude charge would be sustainable. Moving on to the other grounds of inadmissibility. We believe that the charge under 1182, 87, and 811 was proper because Mr. Chen's green card that he attempted to use to enter the country was void ab initio because it was fraudulently obtained. Thus, he was not in possession of a valid entry document when he attempted entry. Moreover, he's ineligible for a waiver under section 12K or 1182K of the US Code because, again, because he was not in possession of an immigrant visa. To the extent he argues that that is an equal protection claim, a violation of this court's case in Kiowa, states that he's not standing to do such a claim because his green card was not an immigrant visa. And the other ground, we also find sustainable. If the court has no further questions on it, I will go to the rest of the briefs.  Thank you. Thank you, Your Honor. Thank you, Mr. Chairman. Thank you. Thank you, Mr. Chairman. Thank you. Thank you. Thank you, Mr. Chairman. Thank you, Mr. Chairman. Thank you. Counsel, did I misunderstand your argument? I thought you, when you were originally visiting, you had no problem with the concept that the BIA implicitly found that your client was an arrival alien. I did say that. Maybe I wasn't specific enough. And there's one question. The, what I would say, I read from the board decision, is that the reason they thought she was an arriving alien is that the, in her validity, the green card was enough to trigger a 101A13 ground. And in matter of opinion, the board and their published president has clarified that is an argument. They didn't provide any other basis. The, I'm sorry, if the board determined he was an arriving alien, what would be the need for a remand to make that determination again? I don't think it should be remanded for a new determination on that. However, in response to what my colleague has said, I would point out that even though the NDA form only has a box that's checked to arrive an alien or not, that doesn't absolve the government when there's factual issues of alleging those factual issues. Obviously, this board can't reach new factual issues. The board cannot reach new factual issues. So, if there's a fact, i.e. he allegedly traveled while there's an interpending, that was never alleged, was never shown, and never dealt with or indicated, that factual finding has to go on by them to the immigration judge. If there's going to be a remand, they can't just substitute to suggest that factual allegation. Well, he's entitled to rebut it. So, he would rebut it. I'm asking you, is there any ground on which that factual allegation could be rebutted? Is he beyond his face? He could be for the reasons I said earlier, which is it's unfair to outstrap that fact arm. I'm not interested in the unfairness of making the allegation. I'm interested in the truth of the factual allegation. Do you have any factual basis that would allow you to rebut that factual allegation? I see on his face, given the record we have here, the congestive record we have in front of us, I see zero defense on the facts. Legal defenses, but I'm asking you on the facts, whether there is any defense. Right. But I'm asking you, is there any factual defense? I'm not aware of one, but is there a reason? If you're not aware of one, you're an awfully good lawyer. There probably is not one. I appreciate that. But the problem is, he's entitled to rebut it, is it was never alleged. So, he never had the opportunity, that's the purpose of the remand, to weigh out that we're presiding in the first place. And when counsel says there's no place on the NDA to indicate a basis that's true, but has a fault of the form, has a fault of the government, it's not alleging sufficient facts. That's a reference to the government from 19, he traveled 12 months after the first NDA was issued, and now we're amending to a rule that, in fact, very easy to do. It never happened. And the case was totally clear. This court can substitute a real fact that will go on for legal reason, that goes even beyond the jittery rule, because that's a real fact, that it might be futile, but he gets the opportunity when the government screwed up. If it's futile, why would we remand it for a futile man? Because legally, I don't think he's going to be here. Legally, I think he has a strong argument that it is too late, and the government cannot beat around. So neither the court can reach that here in its decision. We'll go again, and on the second bite on the apple is where we say, and that was Bravo at Ramos pulling it up, where they were given a second, trying a second bite, and then this court said, no, it's too late. I would prefer to have the court say, it's too late right now, and not let them. If you're going to let them just to see what happens, we would argue it then in front of the agency, but we'll point out he's been outside the United States for three years, and I would ask that there be an order permitting him to return for that subsequent term. Can you give me an order for that? Yes, because he is outside the U.S., and I don't know if the agency would let him back in. But I don't think we're authorized to issue an order. Let's keep it a wait and see. We did in Castro-Cortez. It was overturned by the Supreme Court on a different basis. That was the insolvable green statement, and the filibusters were outside the U.S., and when the court was in their favor, it was ordered that he be brought back, and it did happen. So there's some precedent for doing that, and so I would just ask that they take that into consideration. But the fundamental point here is the governor wants to substitute new facts, and new allocations, and new case basings, even though it's the same for where he's been in disability. It's a distinction without a difference, as Lauren said, because the 10813 can be ignored as well as a financial question, Your Honor. This is a question I'm asked, and I think it's unfair to let that slip in the back, even though it's the same grounds within disability, and the form should be more clear as to what is being charged in the legislature. Thank you, Mr. Chairman. Thank you. Thank you, Mr. Chairman, for taking your time. Thank you both sides for your excellent arguments on both sides. General Richardson is now submitted for decision.
judges: W. Fletcher, Rawlinson, Pratt